## Francis v. Richmond Mining Company.

(Decided October 26, 1923.)

### Appeal from Madison Circuit Court.

1. Pleading—Failure to Reply Held to Entitle Plaintiff to Judgment. —Where, in an action to set aside a judgment purporting to have been entered by agreement, on the ground that plaintiff never agreed thereto, defendant pleaded limitation, res judicata, and that the judgment was entered with plaintiff's full knowledge and consent, and was agreed to and fully understood by her, her failure to reply entitled defendant to judgment.

2. Pleading—Averments in Answer Not Denied Taken as True.—The averments in the answer not denied must be taken as true.

LAURA E. FRANCIS for appellant.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

After prolonged litigation involving the estate of the late Lewis E. Francis, judgment was entered in the Madison circuit court by agreement on May 28, 1910. Following this on September 23, 1911, Laura E. Francis filed an amended petition in the same action, alleging that the

cause of action by the same style had, on May 28, 1910, been submitted to the court on the pleadings, proof and exhibits, and that the court rendered judgment thereon, and that later and on the same date and at a time when appellant was not present in court, and without her knowledge and consent and without authority from her, or anyone for her, to make an agreement, or to in any way or manner act for her on any such agreement, an agreed order or judgment was entered of record in the order books of the Madison circuit court on May 10, 1910; that by such latter judgment she was greatly prejudiced in her right and property interest in this: that said judgment wholly deprived her of her interest as the personal and real representatives of Lewis F. Francis, deceased, and wholly deprived her of the right of appeal from the former judgment, and by said judgment it is made to appear that she has withdrawn her claim, when in fact she at no time had any purpose or intention of withdrawing her claim but at all times intended to prosecute her appeal; that she did not know until the first day of September, 1911, that the appeal had been withdrawn and that she then for the first time learned of the existence of the agreed judgment. To the amended petition was subjoined a prayer that the agreed judgment be reviewed by the court, vacated and set aside and that she be restored to her right of appeal from the former judgment and for her costs. She also asked that process issue against a number of persons who were parties in the original cause. Copies of the judgment are attached to the amended petition as exhibits.

On the 6th day of May, 1919, appellee, Central Coal & Iron Company, filed its answer in four paragraphs, the first of which was a plea of limitation under the five (5) year statutes; the second, *res judicata,* and facts were set forth showing the same question had been litigated to judgment in the former action; third, a traverse of the averments that the agreed judgment referred to in the amended petition was entered at a time when the appellant, Laura E. Francis, was not present in court or that it was entered without her knowledge and consent and denied that she was greatly or at all prejudiced by the agreed judgment. All the material averments of the amended petition were denied. The fourth paragraph says: "For their answer, defendant says that at the time said agreed judgment of May 28th, 1910, was entered in the order book 42, page 595 of the order book of the Mad-

ison circuit court, it was entered with the full knowledge and consent of the plaintiff, Laura E. Francis, and was agreed to by her and she fully understood her rights and conditions under which said judgment was entered." She filed a general demurrer to the answer and to each paragraph thereof, which was overruled. She filed no reply to the answer and declined to further plead, whereupon the court dismissed her amended petition, and she appeals.

There is no brief filed on either side, save one prepared by appellant, Laura E, Francis, and it does not deal with questions of law but merely recites the history of the present as well as past litigation in which she has been involved.

Anyone learned in the law will realize from a brief review of the record that appellant surrendered her rights in the court below in this case when she declined to file a reply to the answer or to further plead in the case. There were several defenses sufficiently pleaded in the answer. The averments of the answer were not denied, therefore, they must be taken for true.

If there is merit in appellant's complaint we are unable to discover it from the record. The trial court entered the only judgment which the pleadings warranted. There appearing no error to the prejudice of the substantial rights of appellant the judgment is affirmed.

Judgment affirmed.